UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. DRAKE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>GALLAGHER BASSETT SERVICES, INC.; PAPYRUS RECYCLED GREETINGS, INC.; SCHURMAN FINE PAPERS INC.,<br><br>　　　　　　　　Defendants. | Case No.: 3:19-cv-0192-CAB-(WVG)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br>**[Doc. No. 2.]** |

On, January 28, 2019, Plaintiff, a non-prisoner, filed a complaint asserting a myriad of claims including negligence, equal protection violations under 42 U.S.C § 1983, products liability, false and misleading advertising, breach of warranty, deceptive and unfair trade practices, and intentional infliction of emotional distress. [Doc. No. 1.] Plaintiff also filed a request to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.] For the following reasons, Plaintiff's motion is **GRANTED.**

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But, pursuant to 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still

1

afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

In his IFP application Plaintiff states that he is disabled and has not worked since 2005, and receives $1,145.00 a month in government assistance in the form of Social Security. [Doc. No. 2-1 at 2.] Further, he attests that he owes $22,000 in medical bills, $400.00 to credit cards, has a $196.00 a month car payment, pays $205.00 in rent, spends $180.00 a month on food, outlays $95.00 on toiletries, clothing, utilities, and internet, pays $100.00 in insurance and has $40.00 left in his bank account and $18.00 in cash. [*Id.* at 2-4.]

Based on the "particularity, definiteness and certainty" in the information provided, the court is persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Therefore, Plaintiff's motion to proceed IFP [Doc. No. 2] is **GRANTED**.

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to 28 U.S.C § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). While not every one of the twenty-two causes of action pass muster, the Court finds sufficient allegations in Plaintiff's complaint to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Accordingly, the Court will direct the U.S. Marshal to effect service on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process and perform all duties in [IFP] cases.)' Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

Accordingly, it is **HEREBY ORDERED**:

1. The Clerk of the Court is **DIRECTED** to issue a summons as to Plaintiff's complaint [Doc. No. 1] upon Defendants and forward it to Plaintiff along with a blank U.S, Marshall Form 285s for each named Defendant. In addition, the Clerk is directed to provide Plaintiff with a certified copy of this Order and a certified copy of his complaint [Doc. No. 1] and the summons so that he may serve each named Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshall according to the instructions provided by the Clerk in the letter accompanying his IFP package.

2. Upon receipt, the U.S. Marshall is **ORDERED** to serve a copy of the complaint and summons upon the named Defendants as directed by Plaintiff on the Form 285s. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3. Plaintiff must serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on the Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

It is **SO ORDERED**.

Dated: January 30, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge