UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. DRAKE,<br><br>         Plaintiff,<br><br>v.<br><br>GALLAGHER BASSETT SERVICES, INC.; PAPYRUS RECYCLED GREETINGS, INC.; SCHURMAN FINE PAPERS INC.,<br><br>         Defendants. | Case No.: 3:19-cv-0192-CAB-(WVG)<br><br>**ORDER GRANTING UNOPPOSED MOTIONS TO DISMISS**<br><br>**[Doc. Nos. 6, 7.]** |

  This matter comes before the Court on Defendants' motions to dismiss the complaint. [Doc. Nos. 6, 7]. The motions were filed on March 12 and 21, 2019, and set hearing dates (for briefing purposes only) of April 23 and 25, 2019. Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing. Thus, based on the hearing dates of April 23 and 25, 2019, Plaintiff's opposition to the motions to dismiss were due on April 9 and 11, 2019, respectively. No opposition has been filed. Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the granting of [the] motion." Civ. Local R. 7.1.f.3.c.

  On March 27, 2019, Plaintiff filed a request for an additional 60 days to file oppositions to the Defendants' motions to dismiss. [Doc. No. 8]. On April 5, 2019, Plaintiff's request was denied for lack of good cause, and the Court ordered Plaintiff's

1

oppositions to both motions to dismiss be filed no later than April 15, 2019. [Doc. No. 11]. On April 10, 2019, the United States Postal Services returned the copy of the order the clerk's office had mailed to Plaintiff at the address provided on Plaintiff's filings, stating that it "was not deliverable as addressed." [Doc. No. 12.] On April 10, 2019, the clerk's office called the telephone number provided on Plaintiff's filings and left a voicemail informing Plaintiff that he needs to provide the court with a current address forthwith. *See* Civil Local Rule 83.11(b) ("A party proceeding *pro se* must keep the court and opposing party advised as to current address. If mail directed to a pro se plaintiff by the clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute."). On April 25, 2019, the United States Postal Services again returned copies of the Court's orders as "undeliverable." [Doc. Nos. 14, 15].

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Although there is . . . a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)) (affirming dismissal for failure to prosecute).

The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal). Therefore, the Court considers the substance of factors two, three, and five. Furthermore, while public policy favors disposition on the merits, this policy lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction. *See In re Eisen*, 31 F.3d at 1454 (9th Cir. 1994).

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff has failed to file a timely opposition even after the Court provided an extension. *See also Holt v. I.R.S.*, 231 Fed.Appx. 557, 558 (9th Cir. 2007) (holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition).

As to the third factor, the Court finds no risk of prejudice to Defendants if the Court dismisses this matter as Defendants have moved for the dismissal and otherwise risk further uncertainty and increased costs of litigation. This factor weighs in favor of dismissing the action. As for the fifth factor, where a Plaintiff does not oppose dismissal it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ the less drastic alternative of giving notice to the parties on April 5, 2019, that Plaintiff had until April 15, 2019, to file his oppositions. [Doc. No. 11]. The oppositions were originally due no later than April 9 and 11, 2019. The Clerk of Court's office mailed a copy of the Order to Plaintiff's mailing address and it was returned undeliverable. [Doc. No. 12].

The *Ghazali* factors support granting the motions to dismiss based on the lack of opposition because Plaintiff's failure to advise the Court of a valid current mailing address and failure to oppose both motions to dismiss, indicates that Plaintiff has abandoned this

lawsuit and consents to the granting of the motions to dismiss.  As noted above, all mail sent to Plaintiff has been returned as undeliverable [Doc. Nos. 5, 12, 14, 15], and Plaintiff has made no attempt to provide the Court with a valid mailing address.

Moreover, upon review of the motions and of the record, the Court finds that Plaintiff fails to state a claim against the Defendants and that no argument in opposition could possibly persuade the Court otherwise.  Accordingly, the motions to dismiss are **GRANTED** both for lack of opposition and on their merits for the reasons set forth in the motions, and the complaint is **DISMISSED**.  The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated:  April 26, 2019

Hon. Cathy Ann Bencivengo
United States District Judge